UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

                                      Case No. 12-11421

JOANNE FARRAR,                  Hon. Gerald E. Rosen

      Debtor.
_____/

ELIZABETH BEAN,

                                      Bankr. Case No. 11-41244
      Plaintiff/Appellee,             Chapter 7
                                      Hon. Marci B. McIvor
v.

JOANNE FARRAR,                  Adv. Proceeding No. 11-5347

      Defendant/Appellant.
_____/

**OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S
ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       March 29, 2013

PRESENT:  Honorable Gerald E. Rosen
                      Chief Judge, United States District Court

In the present appeal, Debtor and Defendant/Appellant Joanne Farrar challenges the Bankruptcy Court's November 30, 2011 order granting Plaintiff/Appellee Elizabeth Bean's motion for summary judgment, as well as a February 10, 2012 opinion and accompanying order in which the Bankruptcy Court denied Debtor's motion for reconsideration of the November 30, 2011 order. The sole issue presented on appeal is

whether the Bankruptcy Court properly ascertained and applied Arizona law in determining that a judgment entered by an Arizona court was entitled to collateral estoppel or issue-preclusive effect in the present adversary proceeding. For the reasons stated below, the Court finds that the Bankruptcy Court's ruling on this question should be affirmed, largely on the grounds identified in the Bankruptcy Court's February 10, 2012 opinion denying Debtor's motion for reconsideration.

As the Bankruptcy Court recognized, and as the parties agree, most of the required elements for the application of issue preclusion are satisfied here. In particular, the parties to the prior Arizona litigation are the same as those involved in the present proceeding, and the pertinent issue of fraud was decided by the Arizona court and was essential to that court's judgment. The only element in dispute is whether, as articulated by the Arizona Supreme Court, "the party against whom the doctrine [of issue preclusion] is to be invoked had a full opportunity to litigate the matter and actually did litigate it." *Chaney Building Co. v. City of Tucson,* 716 P.2d 28, 30 (Ariz. 1986).

As explained by the Bankruptcy Court, Debtor fully participated in the Arizona suit over the course of nearly four years of litigation, but then failed to appear in court on the scheduled trial date and instead, the very same day, filed for bankruptcy in the Eastern District of Michigan. (*See* Bankr. Ct. 2/10/2012 Op. at 2 -3.) As a result, the Arizona court entered Debtor's default, took proofs from Plaintiff as to damages, and issued a judgment finding that Debtor had committed fraud and awarding damages to Plaintiff of just under $800,000. (*Id.* at 3.) It is evident, then, that Debtor had a full opportunity to

litigate the issue of fraud in the Arizona suit, but simply chose not to use this opportunity by appearing on the scheduled trial date and putting on a defense against Plaintiff's claim of fraud.  Nonetheless, Debtor maintains that Arizona law does not accord preclusive effect to issues decided in a prior suit resolved by means of a default judgment, citing the following passage in *Chaney* as support for this proposition:

> When an issue is properly raised by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated.  However, in the case of a judgment entered by confession, consent or default, none of the issues is actually litigated.

*Chaney,* 716 P.2d at 30 (citations omitted).

This Court shares the view of the Bankruptcy Court that Debtor's "reliance on *Chaney* is misplaced."  (Bankr. Ct. 2/10/2012 Op. at 7.)  Although *Chaney* speaks broadly of judgments "entered by confession, consent or default," the specific (and far narrower) issue addressed in that case was whether a prior suit resolved through a stipulated dismissal could preclude the relitigation of facts alleged but "never actually litigated" in that suit.  *Chaney,* 716 P.2d at 29-30.  The court reasoned that a stipulated dismissal was akin to a consent judgment, and found that a judgment of this sort could not give rise to issue preclusion absent an agreement between the parties "manifesting such an intention." 716 P.2d at 30.  As observed by the Bankruptcy Court, this case "does not involve a stipulated dismissal or consent judgment," but instead addresses the preclusive effect of a judgment entered following a party's default "after four years of litigation."  (Bankr. Ct. 2/10/2012 Op. at 7.)  Thus, "*Chaney* does not control in the instant case," (*id.)*, and its

3

broad statement regarding the absence of litigated issues "in the case of a judgment entered by confession, consent or default," *Chaney,* 716 P.2d at 30, is mere dicta.

This reading of *Chaney* has been confirmed in a more recent decision of the Arizona Court of Appeals. In *Roberts v. City of Phoenix,* 235 P.3d 265, 275 (Ariz. Ct. App. 2010), a default judgment was entered against the defendant city as a sanction for its discovery violations, and the court considered whether this default judgment could be treated as a decision on the merits that would warrant an award of attorney fees under 42 U.S.C. § 1988. The city cited *Chaney* as establishing that the default judgment entered against it could not be deemed a decision on the merits, but the court disagreed:

> *Chaney* involved the stipulated dismissal of a party in a contract dispute and whether such a dismissal could be given collateral estoppel effect to bar future litigation. The *Chaney* court held that future litigation could not be barred because judgments entered by stipulation, i.e., consent judgments, involve issues that have never been litigated and thus were not decided on the merits. But the case before us does not involve a stipulated dismissal or consent judgment. Instead, the default judgment here was entered as a sanction for discovery violations that were repeatedly before the trial court and addressed throughout the proceedings. Thus, *Chaney* does not control here.

*Roberts,* 235 P.3d at 275. This interpretation of *Chaney* by an intermediate appellate court "serve[s] as a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Ziebart International Corp. v. CNA Insurance Cos.,* 78 F.3d 245, 250-51 (6th Cir. 1996) (internal quotation marks and citations omitted). Debtor has not provided the requisite "persuasive data" that the Arizona Supreme Court would

reject this reading of *Chaney* and instead view this decision as broadly denying preclusive effect to any suit resolved through a default judgment.

Accordingly, this Court agrees with the Bankruptcy Court that the Arizona case law identified by Debtor does not prevent the Arizona court's finding of fraud from being given preclusive effect in the adversary proceeding brought by Plaintiff against Debtor. The Court further agrees with the Bankruptcy Court that in the absence of Arizona case law directly on point, it is appropriate to "look[] to federal law for guidance." (Bankr. Ct. 2/10/2012 Op. at 10.) Because the Bankruptcy Court ably surveyed this law, (*see id.* at 10-12), this Court sees no need to repeat this analysis. Rather, it suffices to note that since the Bankruptcy Court issued its opinion, the Bankruptcy Appellate Panel for the Ninth Circuit has again addressed the Arizona law governing issue preclusion, including the *Chaney* decision, and has determined that the "actually litigated" element of issue preclusion as articulated in *Chaney* is satisfied so long as the party against whom the doctrine is invoked participates "to some substantial degree" in the prior litigation. *Child v. Foxboro Ranch Estates, LLC (In re Child),* 486 B.R. 168 173 (B.A.P. 9th Cir. 2013). Here, there is no doubt that Debtor fully and actively participated in the entire pre-trial phase of the Arizona litigation, spanning nearly four years, and that this participation ceased only on the date scheduled for trial. Thus, as Debtor concedes, her participation in this litigation "was very significant," (Debtor's Br. on Appeal at 7), and the Bankruptcy Court did not err in determining that this substantial degree of participation satisfies the "actually litigated" prong of *Chaney*'s standard for the application of issue preclusion.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Bankruptcy Court's November 30, 2011 order granting Plaintiff's motion for summary judgment and its February 10, 2012 order and accompanying opinion denying Debtor's motion for reconsideration are AFFIRMED in all respects.

                              s/Gerald E. Rosen
                              Chief Judge, United States District Court

Dated: March 29, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 29, 2013, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5135